AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__Southern__ District of _____

*JUDGE BAER* (stamp)

SILVERMAN PARTNERS, LP

**SUMMONS IN A CIVIL ACTION**

V.

Verox Group, Kenneth Howlett, William Edwards

CASE NUMBER:

**08 CV 3103**

TO: (Name and address of Defendant)

> The Verox Group - 18 Marin Way, Stratham, New Hampshire
> Kenneth Howlett - 33 Sky Lane, Leominster, Massachusetts
> William Edwards - 11 Broadway, #6, Beverly, Massachusetts

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> Jeffrey M. Cassuto, Esq.
> 299 Broadway, Suite 1020
> New York, New York 10007

an answer to the complaint which is served on you with this summons, within ___30___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

DATE: MAR 27 2008

CLERK _(signature)_

(By) DEPUTY CLERK

JEFFREY M. CASSUTO, ESQ.
(JC-0601)
*Attorney for Plaintiff*
299 Broadway, Suite 1020
New York, New York 10007
(212) 594-4077

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
SILVERMAN PARTNERS, LP

      Plaintiff,

-against-

THE VEROX GROUP, KENNETH HOWLETT
and WILLIAM EDWARDS,

      Defendants.
-------------------------------------------------------X

Index No. 08 CV 3103

**COMPLAINT**



### PRELIMINARY STATEMENT

1. This action involves claims of breach of fiduciary duty, breach of contract, fraud, conversion and an accounting. Silverman Partners ("Plaintiff") seeks damages, both compensatory and punitive, affirmative and equitable, an award of costs and attorneys' fees, and such other and further relief as this Court deems equitable and just.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332.

3. This Court has personal jurisdiction over all Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District.

## PARTIES

4. Plaintiff is a New York limited partnership with its principal place of business at One New York Plaza, New York, New York.

5. Upon information and belief, Defendant THE VEROX GROUP ("VEROX") is a foreign corporation duly authorized to transact business within the State of New York and maintains a principal place of business located at 18 Marin Way, Stratham, New Hampshire.

6. Upon information and belief, Defendant KENNETH HOWLETT ("HOWLETT") is an individual residing at 33 Sky Lane, Leominster, Massachusetts.

7. Upon information and belief, Defendant WILLIAM EDWARDS ("EDWARDS") is an individual residing at 11 Broadway, #6, Beverly, Massachusetts.

## FACTS COMMON TO ALL CLAIMS

8. Plaintiff is a limited partnership which invests in small to medium size businesses.

9. VEROX is engaged in the business of manufacturing chemicals for the poultry industry. In addition, VEROX installs equipment used in conjunction with its own chemicals to aid in the disinfection of water.

10. HOWLETT is the CEO and Managing Member of VEROX.

11. EDWARDS is the Vice-Chairman and Managing Member of VEROX.

12. In or around March, 2006, Defendants met with Plaintiff for the purpose of seeking an investment from Plaintiff in connection with VEROX. During such meeting, Defendants made certain representations in connection with purportedly updated revenues and cash flow.

13. Based upon Defendants representations, on or about April 28, 2006, Plaintiff invested the sum of Three Hundred Thousand Dollars ($300,000.00) in VEROX and received Two Million, Two Hundred Fifty Thousand (2,250,000) units of VEROX. which represented Fifteen Percent (15%) ownership of VEROX.

14. Based upon Defendants further representations of increased sales over the course of approximately four (4) months, on or about September 15, 2006, Plaintiff invested an additional sum of Four Hundred Fifty Thousand Dollars ($450,000.00) in VEROX and received an additional One Million, Five Hundred Thousand (1,500,000) units thus increasing Plaintiff's interest in VEROX to a total of Twenty-Five Percent (25%) ownership of VEROX.

15. Based upon the amount of units Plaintiff received as a result of its September 15, 2006 investment, Defendants represented that the value of VEROX increased almost 300% over the course of approximately four (4) months.

16. At the time Plaintiff made its investments in VEROX, Plaintiff knew of no other owners of VEROX other than the individual Defendants nor did Defendants inform Plaintiff of any other investors.

17. Despite Plaintiff's sizeable investment, Defendants failed to provide Plaintiff with VEROX' Articles of Organization and/or Operating Agreement or any other material facts relating to VEROX.

18. In or around March, 2007, Plaintiff issued a loan to VEROX for the sum of Two Hundred Seventy-Five Thousand Dollars ($275,000.00) ("Loan"). Despite due demand, VEROX failed and refused to make any payments toward the Loan and the Loan remains unpaid.

19. Despite Plaintiff's numerous requests, both verbal and in writing, as well as Plaintiff's Twenty-Five Percent (25%) interest in VEROX, Defendants have consistently failed and refused to keep Plaintiff updated as to the financial health of VEROX.

20. Despite Plaintiff's numerous requests, both verbally and in writing, Defendants have failed to make diligent efforts in maintaining VEROX as a viable and growing business.

21. In or around December, 2007, Defendants informed Plaintiff that VEROX was no longer transacting any business as of the end of 2007. Defendants failed to provide Plaintiff with a complete accounting nor have Defendants offered any explanation as to why VEROX has ceased transacting business.

22. In less than two (2) years, Defendants have managed to squander away Plaintiff's investment and loan funds without disclosing any material facts as to how such funds were allocated as well as any facts relating to the health of VEROX.

23. Upon preliminary investigation, Plaintiff has learned that Defendants have transferred large sums of money to different bank accounts unaffiliated with VEROX. Plaintiff has further learned that HOWLETT and EDWARDS used VEROX funds to pay for a host of personal expenses, including but not limited to personal credit cards, car leases, mobile telephones, family expenditures, clothing, cash withdrawals, etc.

## AS AND FOR THE FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

24. Plaintiff repeats and realleges each and every allegation set forth in the paragraphs "1" through "23" hereof with the same force and effect as if set forth at length herein.

25. By virtue of their status as managing members of VEROX, HOWLETT and EDWARDS owed Plaintiff a fiduciary duty to Plaintiff.

26. Despite their fiduciary duty, HOWLETT and EDWARDS failed to disclose any material facts to Plaintiff relating to the status and financial health of VEROX.

27. At the time Plaintiff remitted its investment funds, HOWLETT and EDWARDS failed to disclose to Plaintiff the existence and identity of additional members of VEROX.

28. Despite numerous requests, HOWLETT and EDWARDS failed to disclose all material facts relating to the financial health of VEROX nor has HOWLETT and EDWARDS offered any facts which would explain why VEROX ceased transacting business.

29. HOWLETT and EDWARD'S representation that an expense of over Two Hundred Fifteen Thousand Dollars ($215,000.00) was incurred between April, 2006 and January, 2007 for the purchase of five hundred (500) pumps. However, only forty (40) to sixty (60) pumps were purchased by VEROX between April, 2006 and January, 2007.

30. Howeltt and EDWARDS misappropriated VEROX funds by transferring monies to a variety of bank accounts unaffiliated with VEROX and treating VEROX funds as their own funds.

31. As a result of HOWLETT and EDWARDS' numerous misrepresentations, their failure to disclose material facts relating to VEROX, as well as the misappropriation of VEROX funds, HOWLETT and EDWARDS breached their fiduciary duty to Plaintiff causing Plaintiff to suffer damages in excess of One Million Dollars ($1,000,000.00), an amount to be determined at trial.

## AS AND FOR THE SECOND CAUSE OF ACTION
(Fraud)

32. Plaintiff repeats and realleges each and every allegation set forth in the paragraphs "1" through "31" hereof with the same force and effect as if set forth at length herein.

33. Defendants, as part of a plan or scheme to defraud, deceive and cheat Plaintiff, intentionally, willfully and maliciously induced Plaintiff to invest Seven Hundred Fifty Thousand Dollars ($750,000.00) in VEROX with certain fraudulent misrepresentations.

34. In or around March, 2006, HOWLETT and EDWARDS made certain false representations relating to the financial health business plan of VEROX. Specifically,

6

HOWLETT and EDWARDS represented that VEROX's monthly revenue equaled Eighty Thousand Dollars ($80,000.00). However, VEROX has never earned monthly revenues above Thirty Thousand Dollars ($30,000.00) during any month VEROX was in business. In support of such misrepresentations, HOWLETT and EDWARDS furnished Plaintiff with internal charts and graphs purportedly representing VEROX' cash flow.

35. In or around October, 2006, HOWLETT and EDWARDS made certain false misrepresentations relating to Plaintiff's value of units it obtained in VEROX as a result of its investment. Specifically, HOWLETT and EDWARDS represented that Plaintiff's total investment equaled Twenty-Five Percent (25%) ownership in VEROX when in fact HOWLETT, EDWARDS and other investors (unknown to Plaintiff) owned a total of over Ninety Percent (90%) of VEROX

36. In or around January, 2007, HOWLETT and EDWARDS made certain misrepresentations relating to the cost of certain pumps purchased by VEROX. HOWLETT and EDWARDS represented that VEROX had purchased pumps totaling Two Hundred Fifteen Thousand Dollars ($215,000.00) when in fact VEROX had only purchased pumps totaling less than Twenty-Five Thousand Dollars ($25,000.00).

37. Such misrepresentations were made with the intention of misleading Plaintiff into believing that VEROX was a viable company and ultimately inducing Plaintiff to invest in VEROX. Defendants made these representations knowing that they were false and aware that Plaintiffs would rely on them to their detriment.

38. Plaintiff relied on the misrepresentations made by Defendants and had no knowledge of the falsity, omissions, and misrepresentations made at the time such statements were made by Defendants.

39. By virtue of the fraud and misrepresentation of Defendants, Plaintiff has been damaged in excess of One Million Dollars ($1,000,000.00), an amount to be determined at trial and Five Million Dollars ($5,000,000.00) in punitive damages.

## AS AND FOR THE THIRD CAUSE OF ACTION
### (Breach of Loan Agreement)

40. Plaintiff repeats and realleges each and every allegation set forth in the paragraphs "1" through "39" hereof with the same force and effect as if set forth at length herein.

41. On or about March, 2007, Plaintiff issued a loan to VEROX for the sum of Two Hundred Seventy-Five Thousand Dollars ($275,000.00).

42. As per the parties' agreement, VEROX was to begin repaying the loan with payments of Eleven Thousand Dollars ($11,000.00) beginning in September, 2007 and to continue for twenty-Five (25) months. Interest of Five Percent (5%) was to be added in the event payments were not remitted on a timely basis.

43. Despite numerous demands, both verbally and in writing, Defendants have failed and refused to repay the loan.

44. As a result of Defendants' failure to repay the loan, Defendants have breached the parties' loan agreement causing Plaintiff to suffer damages in excess of Three Hundred Thousand Dollars ($300,000.00), an amount to be determined at trial.

## AS AND FOR THE FOURTH CAUSE OF ACTION
### (Judicial Dissolution)

45. Plaintiff repeats and realleges each and every allegation set forth in the paragraphs "1" through "44" hereof with the same force and effect as if set forth at length herein.

46. Despite Plaintiff's numerous requests, both verbally and in writing, Defendants have failed and refused to provide Plaintiff with updates and other material facts regarding the financial health of VEROX.

47. Despite Plaintiff's numerous requests, both verbally and in writing, Defendants have failed to make diligent efforts to maintain VEROX as a viable and growing business.

47. In or around December, 2007, Defendants informed Plaintiff that VEROX was no longer transacting any business as of the end of 2007. Defendants failed to provide Plaintiff with a complete accounting nor have Defendants offered any explanation as to why VEROX was no longer transacting business.

48. Based upon Defendants' apathy and inaction relating to VEROX, it has become patently clear that it is not reasonably practical to carry on the business of VEROX.

49. As a result of Defendants' apathy and inaction in connection with the ongoing business of VEROX, Plaintiff seeks an order of judicial dissolution of VEROX.

## AS AND FOR THE FIFTH CAUSE OF ACTION
### (Conversion)

50. Plaintiff repeats and realleges each and every allegation set forth in the paragraphs "1" through "49" hereof with the same force and effect as if set forth at length herein.

51. Defendants have transferred large sums of money from VEROX' bank account to different bank accounts controlled by one or more of the defendants yet unaffiliated with VEROX.

52. HOWLETT and EDWARDS used VEROX funds to pay for a host of personal expenses, including but not limited to personal credit cards, car leases, mobile telephones, family expenditures, clothing, cash withdrawals, etc.

53. By virtue of the aforementioned acts and omissions to act by Defendants, Defendants have converted Plaintiff's funds to their own uses which were wholly unrelated to VEROX affairs.

54. As a direct and proximate result of Defendants' conversion of funds, Plaintiff have incurred damages in excess of One Million Dollars ($1,000,000.00), an amount to be determined at trial and Five Million Dollars ($5,000,000.00) in punitive damages.

### AS AND FOR THE SIXTH CAUSE OF ACTION
**(Unjust Enrichment)**

55. Plaintiff repeats and realleges each and every allegation set forth in the paragraphs "1" through "54" hereof with the same force and effect as if set forth at length herein.

56. Defendants have transferred large sums of money from VEROX' bank account to different bank accounts controlled by one or more of the defendants yet unaffiliated with VEROX.

57. HOWLETT and EDWARDS used VEROX funds to pay for a host of personal expenses, including but not limited to personal credit cards, car leases, mobile telephones, family expenditures, clothing, cash withdrawals, etc.

58. By virtue of the aforementioned acts and omissions to act by Defendants, Defendants have been unjustly enriched unjustly enriched in the amount of excess of One Million Dollars ($1,000,000.00), an amount to be determined at trial.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
### (Accounting)

59. Plaintiff repeats and realleges each and every allegation set forth in the paragraphs "1" through "58" hereof with the same force and effect as if set forth at length herein.

60. By virtue of their status as managing members of VEROX, HOWLETT and EDWARDS owed Plaintiff a fiduciary duty to Plaintiff.

61. Despite their fiduciary duty, HOWLETT and EDWARDS failed to disclose any material facts regarding VEROX to Plaintiff.

62. Despite numerous requests, HOWLETT and EDWARDS failed to disclose any material facts relating to the financial health of VEROX nor have HOWLETT and EDWARDS offered any facts which would explain the closing of VEROX.

63. Despite numerous requests, both verbally and in writing, HOWLETT and EDWARDS have failed and refused to provide Plaintiff with a complete and formal accounting.

64. As a result of Defendants' failures, inactions, misrepresentations and omissions, HOWLETT and EDWARDS have breached their fiduciary duty owed to Plaintiff. Thus, Plaintiff is entitled to a full accounting of all books and records of VEROX 2006 to the present.

**WHEREFORE**, Plaintiff demands judgment against Defendants:

i. on the first cause of action against HOWLETT and EDWARDS, jointly and severally, for an amount in excess of One Million Dollars ($1,000,000.00), an amount to be determined at trial;

ii. on the second cause of action against HOWLETT and EDWARDS, jointly and severally, for an amount in excess of One Million Dollars ($1,000,000.00) in compensatory damages and Five Million Dollars ($5,000,000.00) in punitive damages, an amount to be determined at trial;

iii. on the third cause of action against Defendants for an amount in excess of Two Hundred Seventy-Five Thousand Dollars ($275,000.00), an amount to be determined at trial;

iv. on the fourth cause of action, an order of judicial dissolution of VEROX;

v. on the second cause of action against HOWLETT and EDWARDS, jointly and severally, for an amount in excess of One Million Dollars ($1,000,000.00) in compensatory damages and Five Million Dollars ($5,000,000.00) in punitive damages, an amount to be determined at trial;

    vi. on the sixth cause of action against Defendants, jointly and severally, for an amount in excess of One Million Dollars ($1,000,000.00), an amount to be determined at trial;

    vii. on the seventh cause of action against Defendants for a complete and formal accounting of Verox from 2006 to present;

    viii. for such other and further relief, including reasonable attorneys fees and the costs and disbursements of this action, as the court deems just and proper.

Dated: New York, New York
   March 25, 2008

            _____
            JEFFREY M. CASSUTO, ESQ. (JC-0601)
            *Attorney for Plaintiff*
            299 Broadway, Suite 1020
            New York, NY 10007
            (212) 594-4077

## JURY DEMAND

COUNSELORS:

**PLEASE TAKE NOTICE**, that the undersigned hereby demands a trial by jury on all issues in this action.

Dated: New York, New York
      March 25, 2008

By: _____
    JEFFREY M. CASSUTO, ESQ.
    (JC-0601)
    *Attorneys for Plaintiff*
    299 Broadway, Suite 1020
    New York, New York 10007
    (212) 594-4077

JEFFREY M. CASSUTO, ESQ.

| Index No. | Year 20 08 |
|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SILVERMAN PARTNERS, LP,

        Plaintiff,

-against-

THE VEROX GROUP, KENNETH HOWLETT and
WILLIAM EDWARDS,

        Defendants.

## SUMMONS AND COMPLAINT

### JEFFREY M. CASSUTO, ESQ.
*Plaintiff*

Attorney(s) for

Office and Post Office Address, Telephone

**299 BROADWAY, SUITE 1020**
**NEW YORK, NEW YORK 10007**
**(212) 594-4077**

To

Attorney(s) for

Service of a copy of the within        is hereby admitted.

Dated,

        Attorney(s) for

---

**Sir: Please take notice**

☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on      20

☐ *NOTICE OF SETTLEMENT*
that an order        of which the within is a true copy will be presented for
settlement to the HON.        one of the judges

of the within named Court, at
on the      day of      20    at    M.

Dated,

        Yours, etc.
    **JEFFREY M. CASSUTO, ESQ.**
      Attorney(s) for

Office and Post Office Address
**299 BROADWAY, SUITE 1020**
**NEW YORK, NEW YORK 10007**
**(212) 594-4077**

To

Attorney(s) for